IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| *In re:*<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>        Debtor. | Case No. 4:10-cv-0004-RRB<br><br>**MEMORANDUM DECISION** |
| LOUIS H. and NANCY E. GREEN<br><br>        Appellants,<br><br>vs.<br><br>THE CATHOLIC DIOCESES OF FAIRBANKS and THE CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>        Appellees. | On Appeal From<br>U.S. Bankruptcy Court<br>District of Alaska<br>Hon. Donald MacDonald IV<br>Bankruptcy 4:08-bk-00110-DMD |

Appellants Louis H. and Nancy E. Green ("Greens") appeal from the Order Granting Debtor's Emergency Motion for Order to Show Cause Why Sanctions for Violation of the Automatic Stay Should Not be Imposed entered by the Bankruptcy Court.

Neither party has timely requested oral argument. The Court, having reviewed the briefs and record on appeal, has determined that oral argument would not materially assist the Court in

MEMORANDUM DECISION - 1
4:10-CV-0004-RRB

rendering a decision.[1]  The matter is submitted on the briefs of the parties.

## I.  PROCEEDINGS BELOW/JURISDICTION

The Catholic Bishop of Northern Alaska ("CBNA") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 1, 2008.  Subsequently, on November 27, 2009, while CBNA's Chapter 11 proceedings remained ongoing, the Greens filed a quiet title action in the Alaska Superior Court, Second Judicial District at Nome, entitled *Green v. The Catholic Diocese of Fairbanks and the Catholic Bishop of Northern Alaska*, Case No. 2NO-09-314 CV.  When CBNA did not respond to the complaint, the Greens moved for entry of default judgment.  CBNA then moved for an order to show cause why sanctions should not be imposed upon the Greens and their attorney, Byron Collins, for violation of the automatic stay.

After holding a hearing on the motion at which counsel for the Greens appeared in person and the Greens appeared telephonically, the Bankruptcy Court granted CBNA's motion.  The following are the facts as recited by the Bankruptcy Court in its Memorandum on Sanctions (footnotes omitted):

> CBNA has been in chapter 11 since March 1, 2008.
> CBNA scheduled an interest in real property described as
> "Pilgrim Springs: geothermal hot springs 70 miles

---

[1]  AK LBR 8012-1.

northeast of Nome, AL [sic]; 320 acres lease until 2068." The property was deeded to CBNA in 1917 and used as a mission church and then an orphanage until 1941. In 1969, CBNA entered into a lease with Pilgrim Springs, Ltd. for use of the property. The lease was amended in 1974 and again in 1980. The term of the lease was 99 years. Under its terms, Pilgrim Springs, Ltd., was authorized to operate a resort or other business enterprise on the property, develop the property's geothermal resources and conduct oil, gas and mining operations.

CBNA moved to terminate its lease with Pilgrim Springs, Ltd., on November 7, 2008. No objections to the motion were filed and it was granted on December 5, 2008. However, on December 2, 2008, Louis and Nancy Green filed a proof of claim in this case for $263,143.00. The claim stated that the cancellation of the lease with Pilgrim Springs, Ltd., would "cause them to lose a financial interest" in that amount. The attachment to the Greens' claim stated that they were owed various sums for "labor, equipment, operating and transportation cost in connection with carrying-out duties as care-takers and agents at Pilgrim Hot Springs for Pilgrim Springs LTD." The Greens subsequently withdrew this claim on July 2, 2009.

On November 25, 2009, the Greens filed a complaint, pro se, against CBNA in state superior court in Nome to quiet title to the Pilgrim Springs property. The complaint alleges that the Greens are residents of both Nome, Alaska and Pilgrim Hot Springs. It further alleges that they are owners, by adverse possession, of the hot springs property "by actual, open, hostile, continuous, and exclusive possession." They contend they possessed the property adversely from 1975 to 1985, and again from 1992 to 2009, "in excess of the 10-year period set forth in AS 09.45.052." The Greens seek a judgment finding that they are fee simple owners of the property, and that CBNA does not have an interest in the property.

On November 30, 2009, CBNA's counsel sent the Greens a letter advising them that their quiet title complaint was a violation of the stay and requesting dismissal of the state court action. The Greens apparently retained Bryon Collins as their attorney because he answered

CBNA's letter on their behalf. Mr. Collins, in a letter
dated December 10, 2009, contended that the automatic
stay was inapplicable to the Pilgrim Springs property,
refused to dismiss the Greens' complaint and stated his
intent to continue with the quiet title action. He also
alleged that the bankruptcy court lacked jurisdiction
over the property because the Greens were the owners of
the property.

CBNA responded with a letter dated December 15,
2009, which disputed all of Collins' allegations and
advised of possible sanctions. The letter again
requested dismissal of the action. Collins responded by
filing a motion for entry of a default judgment against
the debtor and filing an affidavit in support of the
motion in the state court action. CBNA promptly moved
for the issuance of an order to show cause and this court
issued the order.

Based upon those facts, the Bankruptcy Court entered the following

order:

1) Both the filing of the complaint and the filing
of the subsequent motion for entry of default judgment in
the state court quiet title action entitled *Green v. The
Catholic Diocese of Fairbanks and the Catholic Bishop of
Northern Alaska*, Case No. 2NO-09-314 CV, pending in the
Superior Court for the State of Alaska, Second Judicial
District at Nome ("the quiet title action"), violated the
automatic stay provisions of 11 U.S.C. § 362(a)(1), (3)
and (6).

2) The quiet title action is void, as it was filed
in violation of the automatic stay. The filing of the
motion for entry of default in the quiet title action is
void for the same reason. Accordingly, the debtor is not
required to file an answer or otherwise respond to the
quiet title action.

3) Bryon Collins and his clients, Louis and Nancy
Green, must file a notice of dismissal in the quiet title
action by no later than **February 4, 2010.**

4) Should Bryon Collins and his clients, Louis and
Nancy Green, fail to file a notice of dismissal of the

quiet title action by this date, a fine of $1,000 per day thereafter will be imposed by this court. Such fine will be in compensation to CBNA for the continuing, willful violation of the automatic stay by Mr. Collins and the Greens, and the subsequent efforts which will be required by CBNA to enforce the automatic stay.

    5) The debtor shall recover from Bryon Collins and his clients, Louis and Nancy Green, as a sanction for violation of the automatic stay, its reasonable attorneys' fees and costs incurred to date in pursuing its emergency motion and in defending against the quiet title action. The debtor shall submit, on or before March 1, 2010, a motion in support of an award of attorneys' fees and costs, detailing the fees and costs expended in these pursuits. Any objection to such motion will be due within 14 days thereafter, and the court will then take matter under advisement. No hearing will be held and a decision will be rendered in due course.

The Bankruptcy Court entered its Order on January 21, 2010, and the Greens timely filed a notice of appeal on January 29, 2010, filing concurrently therewith a notice of election to have the appeal decided by the District Court. The Bankruptcy Court had jurisdiction as a core proceeding under 28 U.S.C. §§ 157(b)(2) and U.S. District Court, District of Alaska, Miscellaneous General Order 503. This Court has jurisdiction under 28 U.S.C. § 158(a)(3), (c)(1)(A).

## II. ISSUES PRESENTED/STANDARD OF REVIEW

In their appeal, the Greens contend that the Bankruptcy Court erred: (1) in sanctioning the Greens by requiring them to dismiss their state court quiet title action and awarding attorney fees;

and (2) in not staying the Greens' state court action until an amended complaint could be filed naming the proper defendants.

Because the debtor in this case was not an individual, the Bankruptcy Court was authorized to impose sanctions for the violation of the automatic stay on the Greens and their attorney under 11 U.S.C. § 105(a).[2] Under that subsection:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[3]

This Court reviews the Bankruptcy Court's award of sanctions for a violation of the automatic stay under 11 U.S.C. § 105(a) for an abuse of discretion.[4]

### III. DISCUSSION

As CBNA points out in its principal brief, most of the argument presented by the Greens and their counsel is simply not germane to the order from which an appeal was taken.[5] Thus, this

---

[2] *United States v. Arkinson* (*In re Cascade Roads, Inc.*), 34 F.3d 756, 767 (9th Cir. 1994); *see Havelock v. Taxel* (*In re Pace*), 67 F.3d 187, 193–94 (9th Cir. 1995).

[3] 11 U.S.C. § 105(a).

[4] *Cascade Roads*, 34 F.3d at 767; *Pace*, 67 F.3d at 193–94.

[5] In particular, the arguments related to the subsequent sale of the property by CNBA and the argument focused on the requirements of 11 U.S.C. § 363(e), which addresses the means of

Court will limit its discussion to those arguments that are relevant, albeit in some instances, extremely tenuous, to the imposition of sanctions by the Bankruptcy Court.

On the effect of the automatic stay in bankruptcy cases and jurisdiction, the Greens' arguments markedly misconstrue the law. The automatic stay is effective against commencement or continuation against either the debtor of property of the estate.[6] The stay, by its very terms, is self-executing and becomes operative upon the filing of the petition, no further action is required to invoke it.[7] The effect of the automatic stay is, with specified exceptions not applicable to this case, to preclude actions against the debtor in any court except the court in which the bankruptcy proceeding is pending until it is either modified or terminated.[8] Nor may a state court modify or abrogate that stay.[9] It is undisputed that, at the time the bankruptcy proceedings

---

protecting the interests of parties in property that is sold during the pendency of the bankruptcy proceedings. The issues before this court are limited to the sanctions imposed for a violation of the automatic stay. Because the propriety of the sale of the Pilgrim Hot Springs property is not properly before this court, § 363(e) is inapplicable.

[6] 11 U.S.C. § 362(a)(1), (3).

[7] *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2002) (en banc).

[8] *Id.* at 1082; *Snavely v. Miller (in re Miller)*, 397 F.3d 726, 730 (9th Cir. 2005).

[9] *Gruntz*, 202 F.3d at 1082.

commenced, record or legal title in the Pilgrim Hot Springs property was held by CBNA, and was still held by CNA at the time the Greens commenced their action in the Alaska Superior Court. This was unquestionably "an interest" in the property. Thus the Bankruptcy Court in this case had exclusive jurisdiction over that interest.[10] By proceeding against CBNA in the Alaska Superior Court, the Greens and their counsel clearly violated that stay. Indeed, in this appeal, neither the Greens nor their counsel seriously contend that the automatic stay was not violated.

The Greens argue, without citation to authority, that CBNA was either estopped from seeking dismissal of the state court lawsuit or, alternatively, waived the automatic stay by denying that the Greens lacked standing to object to CBNA's proposed sale of the Pilgrim Hot Springs property. Neither contention has merit or support in the law. First, although § 362 provides for terminating, annulling, modifying, or conditioning a stay, and for its termination upon the occurrence of certain events,[11] there is no provision for a "waiving" the automatic stay.

Second, the Greens' argument *vis-a-vis* estoppel is that by denying that the Greens lacked standing to challenge the sale CBNA

---

[10] 28 U.S.C. § 1334(e)(1) and U.S. District Court, District of Alaska, Miscellaneous General Order 503.

[11] *See* 11 U.S.C. § 362(a), (c), (d).

"induced reliance" that they were left with only one other court of competent jurisdiction to decide their claims, i.e., the state court, is misplaced. As noted above, exclusive jurisdiction of the property or any interests in the property were within the *exclusive* jurisdiction of the Bankruptcy Court. Thus, the state court not only was not a court of competent jurisdiction, it lacked any jurisdiction over the bankruptcy estate's interest in the property. Furthermore, nothing that CBNA did precluded the Greens from bringing their claims before the Bankruptcy Court, which had exclusive jurisdiction, in an adversary action.[12] It is also irrelevant to whether the acts were willful that the Greens and their counsel may have had a good faith belief that they had a right to the property or were justified in pursuing the matter in the state court.[13] All that is required is that the Greens and their counsel knew of the automatic stay and that the actions taken were taken intentionally.[14] In this case, the Greens and their counsel not only knew of the existence of the automatic stay, they were warned of the consequences should they continue to violate the stay.

---

[12] *See* Fed. R. Bank. P. 7001(2).

[13] *Johnston Envtl. Corp. v. Knight* (*In re Goodman*), 991 F.2d 613, 618 (9th Cir. 1993).

[14] *Sternberg v. Johnston*, 595 F.3d 937, 945 (9th Cir. 2010) (citing *Eskanos & Adler P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002)).

MEMORANDUM DECISION - 9
4:10-CV-0004-RRB

The Greens and their counsel also argue that the imposition of sanctions was inappropriate because at no time did they willfully or deliberately violate the *Court's* orders. This argument also falls wide of the mark. The touchstone for liability is a willful violation of the automatic stay. As noted above, the automatic stay is just that — automatic and self-executing. It does not require a court order to invoke it. In this case the record clearly shows that the Greens were aware of the filing of the bankruptcy petition before they filed their *pro se* lawsuit in the state court. The record also clearly shows that once they were made aware of the existence of the automatic stay and the consequences of violating that stay, the Greens and their counsel nonetheless proceeded to pursue the state court lawsuit. This conduct was clearly deliberate and willful.[15] Consequently, the Bankruptcy Court did not abuse its discretion in imposing sanctions.

The contention that the Bankruptcy Court should have simply stayed the state court action instead of ordering its dismissal is meritless. First, the authority of a federal court to stay state court proceedings is severely circumscribed. Under the anti-injunction statue:

---

[15] *See Pace*, 67 F.3d at 191 (9th Cir. 1995).

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.[16]

Nothing in the Bankruptcy Code expressly authorizes a federal court exercising its bankruptcy jurisdiction, be it the district court or, by referral, the bankruptcy court, to enjoin state court proceedings. Nor does it appear that such an injunction was necessary to aid the Bankruptcy Court's jurisdiction,[17] or to effectuate any judgment of the Bankruptcy Court.

Second, The automatic stay provision "is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or non-judicial, in non-bankruptcy for against the debtor or affecting the property of the estate." In this case, requiring the Greens to dismiss their state court action, which nullified the actions of, and precluded any further action by, the Greens and their counsel, was not an inappropriate remedy. It was well within the range of sanctions that the Bankruptcy Court could impose. Moreover, even if the Bankruptcy

---

[16] 28 U.S.C. § 2283.

[17] Any action taken by the State court in violation of the automatic stay is void *ab initio*. *Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940); *Griffin v. Wardrobe* (*In re Wardrobe*), 559 F.3d 932, 934 Cir. 2009). Consequently, it is unnecessary to stay a State-court lawsuit to aid the jurisdiction of the bankruptcy court.

MEMORANDUM DECISION - 11
4:10-CV-0004-RRB

Court erred in ordering the dismissal, because neither the Bankruptcy Court nor this Court have the authority to order the Alaska Superior Court to reinstate the State court lawsuit, neither this Court nor the Bankruptcy Court could grant effective relief.[18]

To the extent that they may be relevant to the appeal, the Court has considered all other arguments raised by the Appellants and finds them to be without merit.

Accordingly, the Order Granting Debtor's Emergency Motion for Order to Show Cause Why Sanctions for Violation of the Automatic Stay Should Not be Imposed entered by the Bankruptcy Court is **AFFIRMED.**

ENTERED this 19th day of October, 2010.

                                    S/RALPH R. BEISTLINE
                                    UNITED STATES DISTRICT JUDGE

---

[18] The court further notes that, if the Pilgrim Hot Springs property has been sold by the debtor, it is no longer property of the estate, thereby terminating the automatic stay. 11 U.S.C. § 362(c)(1). Consequently, the Greens are freed from the constraints of the bankruptcy on filing an action in the state court against the allegedly "proper parties." The efficacy of any such lawsuit is subject to the requirements of state law alone. Thus, there is no effective relief that this court, or the bankruptcy court, could grant.